FILED
2012 Mar-07  AM 09:08
U.S. DISTRICT COURT
N.D. OF ALABAMA



FILED

2012 MAR -b  A II: 18

U.S. IBRAHIM ABDALLAH,
N. Petitioner, BAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | |
|---|---|
| IBRAHIM ABDALLAH, | § |
|    Petitioner, | § |
| | § |
| *v.* | § |
| | § |
| ERIC HOLDER Jr., | § |
|    Attorney General; | § |
| JANET NAPOLITANO, | § |
|    Secretary of the Department of | § |
|    Homeland Security; | § |
| PHILIP T. MILLER, | § |
|    U.S. ICE Field Office Director for | § |
|    The New Orleans Office; | § |
| SCOTT HASSELL, *(Chief)* | § |
|    Warden of Etowah County | § |
|    Detention Center – Gadsden, AL. | § |
| **Respondents.** | § |

CASE NO: _    CV-12-P-0739-M - JEO
(Assigned by Court Clerk)

## PETITION FOR WRIT OF HABEAS CORPUS:
### PURSUANT TO 28 U.S.C. § 2241

     **COMES NOW**, Ibrahim ABDALLAH, hereinafter ("Petitioner") petitions this Court for a writ of habeas corpus and seeks declaratory and injunctive relief to review the lawfulness of his detention by the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) for more than six-months because *ICE* has been unable to obtain the travel documents necessary to deport the Petitioner to his native country of citizenship Lebanon. He also requests this Honorable Court to view his pleadings under the mandates of **Haines v. Kerner**, *404 U.S. 519, 520 (1972)* (Pro-se complaint held to less stringent standard than formal papers drafted by lawyers). In support of this petition and complaint, Petitioner alleges as follows:

### CUSTODY

     1. The Petitioner is in the physical custody of Respondents' and is currently being detained at the Etowah County Jail in Gadsden, Alabama, pursuant to a contractual agreement with the Department of Homeland Security.

## JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), **8 U.S.C. § 1101** et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570 and the Administrative Procedure Act (APA), **5 U.S.C § 701** et seq., this court has jurisdiction under **28 U.S.C. § 2241**; art. **I § 9, cl. 2** of the United States Constitution ("Suspension Clause"); and **28 U.S.C. § 1331**, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This court may grant relief pursuant to **28 U.S.C. § 2241, 5 U.S.C. § 702**, and the All Writs Act, **28 U.S.C. § 1651**.

## PARTIES

3. Petitioner Ibrahim Abdallah is a native and citizen of Lebanon. Petitioner was born on

o   Respondent Eric Holder is the Attorney General of the United States and is responsible for the administration of *ICE* and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such, Mr. Holder has ultimate custodial authority over Petitioner.

o   Respondent Janet Napolitano is the Secretary of the Department of Homeland Security. She is responsible for the administration of *ICE* and the implementation and enforcement of the INA. As such, Ms. Napolitano is the legal custodian of Petitioner.

o   Respondent Philip T. Miller is the *ICE* field Office Director of the New Orleans Field Office of *ICE* and is Petitioner's immediate custodian. See **Vasquez v. Reno**, *233 F.3rd 688, 690 (1st Cir. 2000), cert. Denied, 122 S. Ct. 43 (2001).*

o   Respondent Chief Scott Hassell, Warden of Etowah County Detention Center, where Petitioner is currently detained under the authority of *ICE*, alternatively may be considered to be Petitioner's immediate custodian.

## VENUE

4. Venue lies in the District of Alabama because Petitioner is currently detained in the jurisdiction of this Court, at the Etowah County Detention Center. 28 U.S.C. Section 1391.

## EXHAUSTION OF REMEDIES

5. Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action. After the Supreme Court decision in Zadvydas, the Department of Justice issued regulations governing the custody of aliens ordered removed. See 8 C.F.R. Section 241.4. Petitioner received final order of removal on August 10, 2011 at his "90-day" custody review on or about November 23, 2011, ICE decided to continue his detention. Subsequently, in a decision dated November 23, 2011, ICE's Headquarters Post-Detention Unit ("HQPDU") informed Petitioner that it would continue to keep him in custody despite having been detained for six-months after final order or removal. The custody review regulations do not provide for appeal from a HQPDU custody review decision. See 8 C.F.R. Section 241.4(d).

## STATEMENT OF THE FACTS

7. Petitioner, Ibrahim Abdallah, was born in Lebanon on '

8. On July 8, 2010, ICE charged Petitioner with being removable because a) on October 5, 2005 he was convicted in Palmer District court, Palmer, Massachusetts for the offense of Knowingly Receiving Stolen Property, b) on August 11, 2005, he was convicted in Springfield District Court, Springfield, Massachusetts for the offense of Breaking and Entering/ Boat Nighttime, c) on August 11, 2005 he was convicted in Springfield District Court, Springfield, Massachusetts for the offense of Motor Vehicle, Receive Stolen, d) on June 24, 2005 he was convicted in the Springfield District Court, Springfield, Massachusetts for the offense of

Knowingly Receiving Stolen Property and e) on February 7, 2007 he was convicted in the

Palmer District Court, Palmer, Massachusetts for the offense of Escape from Penal

Institution/Court. He was ordered removed to Lebanon by the immigration Judge (IJ) on August

10, 2011. He did not appeal the decision of the IJ.

9. On July 8, 2010, ICE took Petitioner into custody to await his deportation. Petitioner

received final removal order on August 10, 2011. Since that time, Petitioner has been

continuously detained by Immigration and Customs Enforcement (ICE) for over 17 months.

10. ICE first reviewed the Petitioner's detention status on or about November 23, 2011

pursuant to Post-Order Custody Review procedures at 8 C.F.R. Section 241.4. In a letter dated

November 23, 2011, ICE denied Petitioner's request for release stating his removable was

reasonably foreseeable.

11. On or about six months after Petitioner's removal order became final, ICE conducted

another review and informed Petitioner that he would not be released because Petitioner's

deportation was "reasonably foreseeable." ICE did not specify how many individuals from

Lebanon it had in fact repatriated, indicate whether it had contacted the government of Lebanon

with respect to Petitioner's case, or mention whether it had received any information from

Lebanon regarding the status of Petitioner's travel documents. Nor did it give am indication of

when it expected Petitioner's travel document would issue. Indeed, it gave no information

concerning the existence or status of efforts to deport Petitioner.

12. In the three months that have passed since Petitioner's last custody review, ICE has

not notified Petitioner of any progress in petitioner's repatriation.

13. To Petitioner's knowledge, the government of Lebanon has not issued travel

documents for him. Indeed, neither ICE nor Lebanon have provided indication that Lebanon

would accept petitioner in the reasonable foreseeable future.

14. ICE has never asserted that Petitioner has failed to cooperate in his deportation. To the contrary, Petitioner on his own initiative, and through the help of friends and family, has tried to expedite his repatriation to Lebanon and release from custody.

15. For all the reasons stated within, Petitioner's removal is not reasonably foreseeable.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

16. In Zadvydas, the Supreme Court held that 8 U.S.C. Section 1231 (a)(6), when "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. A "habeas court must [first] ask whether the detention in question exceeds a period reasonably necessary to secure removal." Id. at 699. If the individual's removal "is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." Id. at 699-700.

17. In determining the length of A reasonable removal period, the Court adopted a "presumptively reasonable period of detention" of six months. Id. at 701. After six months, the government bears burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." See Zhou v. Farquharson, 2001 U.S. District LEXIS 18239, *2-*3 (D. Mass. Oct. 19, 2001) (quoting and summarizing Zadvaydas). Moreover, "for detention to remain reasonable, as the period or prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 533 U.S. at 701. ICE's administrative regulations also recognize that the HQPDU has a six-month period for determining whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future. See 8 C.F.R. Section 241.4(k)(2)(ii).

18. Evidence showing successful repatriation of other persons to the country at issue is not sufficient to meet government's burden to establish that an alien petitioner will be deported within reasonably foreseeable future. See Thompson v. INS, 2002 U.S. Dist. LEXIS 23936 (E.D. La. September 16, 2002) (government failed to show that alien's deportation to Guyana was reasonably foreseeable where the government offered historical statistics of repatriation to Guyana, but failed to show any response from Guyana on the application for travel documents that INS and the petitioner had requested). Rather, for the government to meet its burden of showing that an alien's repatriation is reasonably foreseeable, it must provide some meaningful evidence particular to the individual petitioner's case.

19. An alien who has been detained beyond the presumptive six months should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question. See Agbada v. John Ashcroft, 2002 U.S. Dist. LEXIS 15797 (D. Mass. August 22, 2002) (court "will likely grant" habeas petition after fourteen months if ICE "is unable to represent document confirmation that the Nigerian government has agreed to [petitioner's] repatriation"); Zhou, 2001 U.S. Dist. LEXIS 18239 (ordering that the writ of habeas corpus issue within 60 days, given petitioner's 13-month detention and the INS's inability to assure the court that the paperwork from China was on its way); Abdu v. Aschcroft, 2002 U.S. Dist. LEXIS 19050 at *7 (W.D. Wash. February 28, 2002) (government's failure to offer specific information regarding how or when it expected to obtain the necessary documentation or cooperation from the foreign government indicated that there was no significant likelihood of petitioner's removal in the reasonably foreseeable future).

## CLAIMS FOR RELIEF

## COUNT ONE

## STATUTORY VIOLATION

20. Petitioner re-alleges and incorporates by reference paragraphs 1 through 19 above.

21. Petitioner's continued detention by the Respondent violates 8 U.S.C. Section 1231(a)(6), as interpreted in Zadvydas. Petitioner's six-month presumptively reasonable period for continued removal efforts passed more then three months ago. For the reasons outlined above paragraph 1 to 20, Petitioner's removal to Lebanon is not reasonably foreseeable. The Supreme Court held Zadvydas that the continued detention of someone after six months where deportation is not reasonably foreseeable is unreasonable and in violation of 8 U.S.C. Section 1231(a). 533 U.S. at 701.

## COUNT TWO

## SUBSTANTIVE DUE PROCESS VIOLATION

22. Petitioner re-alleges and incorporates by reference paragraphs 1 through 21 above.

23. Petitioner's continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. See, e.g., Tam v. INS, 14 F.Supp.2d 1184 (E.D. Cal 1998)(aliens retain substantive due process rights). The Due Process Clause requires that the deprivation of petitioner's liberty be narrowly tailored to serve a compelling government interest. See Reno v. Flores, 507 U.S. 292, 301-02 (1993). While the respondents would have a compelling government interest in detaining petitioner in order to effect his deportation, that interest does not exist if Petitioner cannot be deported. The Supreme Court in Zadvydas thus interpreted 8 U.S.C. Section 1231(a) to allow continued detention only for a period reasonably necessary to secure the alien's removal because any other reading would go beyond the government's articulated interest – to effect the alien's removal. See Kay v. Reno,

94 F. Supp. 2d 546, 551 (M.D. Pa. 2000) (granting writ of habeas corpus because petitioner's substantive due process rights were violated, and nothing that "if deportation can never occur, the government's primary legitimate purpose in detention --executing removal -- is nonsensical")

## COUNT THREE:
## PROCEDURAL DUE PROCESS VIOLATION

24. Petitioner re-alleges and incorporates by reference paragraph 1 through 41 above.

25. Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. Petitioner in this case has been denied that opportunity. There is no administrative mechanism in place for Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates **Zadvydas**. See also **8 C.F.R. § 241.4(d).**

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner's a writ of habeas corpus directing the Respondents to immediately release him from custody;

3) Grant any other and further relief that this Court deems just and proper.

**I affirm, under penalty of perjury, that the foregoing is true and correct.**

*Date:* February 24, 2012

*Respectfully Submitted,*

Ibrahim Abdallah
A# 046-214-469
**Etowah County Detention Center
827 Forrest Avenue
Gadsden, AL 35901**